*James B. Murray et al.* v. *Allan Hay.* E. SANDFORD, for complainants; A. WILLIAMS, for defendant. In this case the chancellor decided that an order to produce witness may be either in the form originally used, requiring the *adverse party* to produce witnesses within forty days; or in the more modern form requiring *the parties* to produce witnesses, &c.

*Form of an order to close proofs.*

He also decided that as a general principle several complainants having distinct and independent claims to relief against a defendant cannot join in a suit for the separate relief of each; nor can a single complainant, having distinct and independent claims to relief against two or more defendants severally, join them both or all in the same bill. But that there are many exceptions to this rule, and the court exercises a found discretion in determining whether there is a

*Joinder of several complainants; in what cases proper.*

misjoinder of parties under the particular circumstances of each case.

In this case he decided that there was no misjoinder of *In a bill to restrain a nuisance* complainants so far as the bill seeks to restrain the continuance of a nuisance which was a common though not a joint injury to both of the complainants.

That where multifarious relief is not prayed for in the bill it is not a matter of course to give it the hearing, under the general prayer, in addition to the relief in which the complainants have a common interest.

Order to close proofs vacated and time to produce witnesses extended to the first of November next inclusive.

Complainants to pay $15 for costs of entering order to close proofs, noticing cause for hearing and opposing application to open proofs. Motion to amend bill by striking out the name of Murray as one of the complainants denied, with $15 costs. But complainants to have libeerty to amend their bill within twenty days, by striking out the prayer for an account and payment of the damages.

